UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEBROCEE A. MAXWELL,<br><br>    Petitioner,<br><br>    v.<br><br>STU SHERMAN, Warden,<br><br>    Respondent. | No. 1:16-cv-00005-SKO   HC<br><br>**ORDER DISMISSING HABEAS PETITION FOR FAILURE TO OBEY A COURT ORDER**<br><br>**(Doc. 8)** |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Upon review of the petition, the Court discovered that Petitioner had not signed the petition.  Rule 2 of the Rules Governing Section 2254 Cases requires a petition to "be signed under penalty of perjury by the petitioner."

    On January 19, 2016, the Court ordered Petitioner to correct this omission within 30 days, by submitting either (1) a signed copy of the petition for writ of habeas corpus, or (2) an affidavit, as described in the Court's January 19, 2016, order and signed under penalty of perjury, attesting to the truth of the prior petition.  Petitioner neither filed an amended complaint or an affidavit, nor responded to the Court's order in any other way.  Accordingly, on February 24, 2016, the Court issued an order to show cause, within 15 days, why the petition should not be dismissed for failure to obey a court order.  Petitioner has failed to respond.

///

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

1  The Court has the discretion to impose any and all sanctions authorized by statute or rule or within the inherent power of the Court, including dismissal of an action based on Petitioner's failure to comply with a court order.  F.R.Civ.P. 11; Local R. 110.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>  (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>  (B)  the final order in a proceeding under section 2255.
>
> (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to

2

proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to proceed with an unsigned petition debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

## **Conclusion and Order**

The Court hereby ORDERS that the petition in this action shall be dismissed without prejudice for failure to obey a court order. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **March 15, 2016**                              **/s/ Sheila K. Oberto**
                                                                         UNITED STATES MAGISTRATE JUDGE