UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEBROCEE A. MAXWELL,<br><br>           Petitioner,<br><br>      v.<br><br>STU SHERMAN, Warden,<br><br>           Respondent. | No.  1:16-cv-00005-SKO  HC<br><br>**ORDER DENYING PETITIONER'S MOTION TO REINSTATE PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 12)** |

Petitioner, a state prisoner formerly proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] moves to reinstate his petition, which was dismissed for failure to obey a court order on March 16, 2016.  Petitioner contends that, because he was transferred to a new prison, he did not receive the Court's January 19, 2016, order in time to comply with its requirements.

I.       **Procedural Background**

On December 28, 2015, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Sacramento Division of the Eastern District of California.  Because

///

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

Petitioner was then incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, the petition was transferred to the Fresno Division on January 4, 2016.

The Court screened the Petition and, on January 19, 2016, directed Petitioner to sign the petition within thirty days.  The order advised Petitioner that failure to comply with the order would result in the petition's dismissal.  Petitioner neither filed a signed petition, nor responded to the Court's order in any other way.  Accordingly, on February 18, 2016, the Court issued an order to show cause within 15 days why the petition should not be dismissed within fifteen days for failure to obey the Court's order.  Although Petitioner returned a form consenting to Magistrate Judge jurisdiction on March 4, 2016, he did not respond to the order to show cause.  As a result, on March 16, 2016, the Court entered judgment dismissing the petition without prejudice[2] for failure to obey a court order.

On May 2, 2016, Petitioner moved to reinstate the petition, explaining that he had not timely received his mail since he was transferred to another prison.  The motion was not signed and Petitioner did not submit a signed petition.  Petitioner has never directed the Court to change his address.

## II. Relief from Judgment

The rules of federal procedure do not recognize a motion to reinstate a dismissed case.  A motion to alter, amend, or otherwise secure relief from a judgment must proceed under either F.R.Civ.P. 59 or F.R.Civ.P. 60. A trial court must construe a motion to reconsider a judgment according to the type of relief requested by the movant. *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983).  The rule under which the movant styled its motion is not determinative.  *Sea Ranch Ass'n v. California Coastal Zone Conservation Comm'ns,* 537 F.2d 1058, 1061 (9th Cir. 1976).

---

[2] Dismissal of a petition "without prejudice" means that the petitioner retains the right to file a new petition alleging the same claims.

### A.  Rule 59(e)

A post-judgment motion seeking a substantive change to a court's decision is properly addressed under F.R.Civ.P. 59(e). *Id.*  Its drafters intended a Rule 59(e) motion "'to mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 450 (1982), *quoting* Notes of the Advisory Committee on 1946 Amendment to Rules, 28 U.S.C. at 491, 5 F.R.D. 433, 476 (1946).  A motion to alter or amend under Rule 59(e) seeks to correct substantive judicial error: It may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 (2008).

A Rule 59(e) motion must be filed within 28 days after the entry of judgment. F.R.Civ.P. 59(e).  The Court may not extend the time to file.  F.R.Civ.P. 59(e).  Here, although the 28-day period for filing a Rule 59(e) motion expired on April 14, 2016, Petitioner did not file his motion to reinstate until May 2, 2016.  The Court may not further extend the time period for filing a motion under Rule 59(e).

### B.  Rule 60(b)

Rule 60(b)(1) permits a court to relieve a party from the terms of a final judgment because of mistake, inadvertence, surprise, or excusable neglect.  Motions under Rule 60(b) must be made within a reasonable time, but no more than one year after the entry of judgment. F.R.Civ.P. 60(c)(1).

A Rule 60(b)(1) motion is addressed to the Court's sound discretion. *Lavino v. Jamison*, 230 F.2d 909, 912 (9th Cir. 1956).  The moving party must set forth the justification that renders his mistake or inadvertence excusable. *Petition of Pui Lan Yee*, 20 F.R.D. 399, 401 (N.D.Cal. 1957).  A Court may not set aside a judgment under Rule 60(b)(1) if the moving party's

exercise of ordinary prudence could have prevented the mistake, inadvertence, surprise, or neglect on which the motion is based. *Kolstad v. United States*, 262 F.2d 839, 843 (9th Cir. 1959).

Pursuant to Rule 183(b) of the Local Rules for the Eastern District of California, Petitioner was required to "keep the Court . . . advised as to his . . . current address." As Petitioner himself explains, Petitioner's inability to prosecute his case arose directly from his own failure to advise the Court of his address changes. As a result, dismissal of the case did not arise from excusable neglect.

## III.    Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>          (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>          (B)  the final order in a proceeding under section 2255.
>
>    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

4

(3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to relief from the dismissal of his petition to be debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

## IV.     Conclusion and Order

The Court hereby DENIES Petitioner's motion to set aside the judgment dismissing his habeas petition for failure to comply with a Court order and declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **May 9, 2016**                                       **/s/ Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE